UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

KENRICK GRAY,

                                     Plaintiff,

         -against-

CITY OF NEW YORK, MICHAEL DARAGJATI, Individually
THOMAS SPITZFADEN, Individually, and JOHN and JANE
DOE 1 through 10 individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                 Defendants.

------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 0197
(ERK) (CLP)

<u>Jury Trial Demanded</u>

Plaintiff KENRICK GRAY, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

**<u>JURISDICTION</u>**

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff KENRICK GRAY is a thirty-two year old African American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MICHAEL DARAGJATI, THOMAS SPITZFADEN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    This action arises from the defendants' custom, policy and practices of falsification, and of racial profiling and harassment, resulting in the successive violations of plaintiff's civil rights on October 18, 2010, December 9, 2010, and April 15, 2011.

**Incident One**

13.    The first incident began on October 18, 2010 at approximately 6:00 p.m.

14.    Plaintiff was a lawful pedestrian on the sidewalk near 212 Broad Street, Staten Island, New York, when the defendant NYPD officers stopped, detained and searched plaintiff, despite lacking reasonable suspicion that plaintiff had committed, was committing, or was about to commit any crime or offense.

15.    The defendant officers detained plaintiff for approximately twenty minutes before releasing plaintiff with summons no. 432934064-1, which compelled plaintiff's appearance in Richmond County Criminal Court, on December 22, 2010, to answer false charges of Disorderly Conduct filed against plaintiff based on the false statements of the defendant officers.

16.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

17.    Plaintiff appeared as required in Richmond County Criminal Court and at said appearance all charges filed against plaintiff were dismissed and sealed after said summons was

3

found legally insufficient.

**Incident Two**

18.     The second incident began on December 9, 2010 at approximately 3:30 a.m.

19.     Plaintiff was a lawful pedestrian on the sidewalk near the corner of Gordon Street and Laurel Avenue, Staten Island, New York., when the defendant NYPD officers stopped and detained and searched plaintiff despite lacking reasonable suspicion that plaintiff had committed, was committing, or was about to commit any crime or offense.

20.     The officers approached plaintiff with their guns drawn and ordered plaintiff to take his hands out of his pockets.

21.     Plaintiff complied with the defendants' orders, took his hands out of his pockets, and stood with his hands raised in the air.

22.     Notwithstanding the fact that plaintiff was standing with his hands raised in the air, a defendant officer grabbed plaintiff, slammed him to the ground and placed handcuffs on his wrists.

23.     The defendant officers forcefully placed plaintiff in a police vehicle.

24.     The defendant officers transported plaintiff to the 120th Police Precinct stationhouse and imprisoned him therein.

25.     Plaintiff remained handcuffed and imprisoned inside of the police precinct until approximately 5:00 a.m., when the defendant officers released plaintiff with summons no. 432739604-7, which compelled plaintiff's appearance in Richmond County Criminal Court on February 22, 2010, to answer false charges of disorderly conduct filed against plaintiff based on the false statements of the defendant officers.

26.     The defendants initiated said prosecution with malice, and otherwise caused said

4

prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

27. Plaintiff appeared as required in Richmond County Criminal Court and all charges filed against plaintiff were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

**Incident Three**

28. The third incident began on April 15, 2011 at approximately 10:00 p.m.

29. Plaintiff was a lawful pedestrian in the vicinity of Laurel Avenue and Gordon Street, Staten Island, New York, when defendant former NYPD officer MICHAEL DARAGJATI and officer JOHN DOE 1 stopped, detained and searched plaintiff despite lacking reasonable suspicion that plaintiff had committed, was committing, or was about to commit any crime or offense.

30. The officers approached and ordered plaintiff to take his hands out of his pockets and raise them in the air.

31. Plaintiff complied with the defendants' orders, took his hands out of his pockets, and stood with his hands raised in the air.

32. Notwithstanding the fact that plaintiff was standing with his hands raised in the air, defendant DARAGJATI grabbed plaintiff, pushed him face forward onto a parked vehicle, and roughly patted him down and searched him.

33. After determining plaintiff did not possess any contraband, said defendant officers released him.

34. While plaintiff was being illegally detained and searched plaintiff complained of

5

the defendants' actions and asked them for their names and badge numbers.

35.    After said defendant officers released plaintiff, he continued to complain of their maltreatment of him.

36.    In response to plaintiff's lawful continued complaints, the defendant officers arrested and handcuffed plaintiff.

37.    The defendant officers then transported plaintiff to the 120th Police Precinct stationhouse and imprisoned him therein.

38.    The defendant officers imprisoned plaintiff until April 17, 2011, when he was arraigned in Richmond County Court on false charges of disorderly conduct and resisting arrest, which were filed against plaintiff based on the false statements of defendant DARAGJATI.

39.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority, due to racial bias, and to cause plaintiff to be incarcerated for no reason.

40.    Shortly after the arrest, defendant DARAGJATI was recorded telling his friend on the telephone that he had just "fried another nigger." The call was discovered when the government intercepted this telephone call between DARAGJATI and his friend. In particular, while referring to the plaintiff's arrest and prosecution, DARAGJATI told the friend that he had "fried another nigger." The government subsequently intercepted several additional calls during which DARAGJATI allegedly used the word "nigger" to refer to African-Americans. In other intercepted calls, DARAGJATI stated that he risked getting fired if he was caught "throw[ing] somebody a beating" and complained that it was too easy for police officers to get in trouble. He then admitted that he had been "skating it for a long time."

6

41.     On October 17, 2011, a criminal complaint was unsealed in this Court charging DARAGJATI with violating plaintiff's civil rights by willfully arresting him and charging him with a crime without probable cause and on false pretenses, and for doing so based on racial animus.

42.     On January 24, 2012, defendant DARAGJATI pleaded guilty in this Court before the Honorable William F. Kuntz to violating plaintiff's civil rights.

43.     On February 9, 2012, the purported criminal charges levied against plaintiff based on the false statements of defendant DARAGJATI were dismissed and consequently sealed in Richmond County Criminal Court.

44.     Defendant THOMAS SPITZFADEN supervised defendants DARAGJATI and JOHN DOE 1, and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiff.

**As to Incidents One through Three**

45.     The defendant NYPD officers MICHAEL DARAGJATI, THOMAS SPITZFADEN, and JOHN and JANE DOE 1 through 10 either participated or failed to intervene in the illegal conduct described herein.

46.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

47.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD

officers, including the defendants, are insufficiently trained regarding the use of force; are insufficiently trained regarding racial sensitivity; improperly abuse their authority to detain, search and arrest individuals, and engage in falsification and/or commit perjury and/or manufacture evidence in an attempt to convict said individuals.

48.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

49.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

50.    As a result of the foregoing, plaintiff KENRICK GRAY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

53.    All of the aforementioned acts deprived plaintiff KENRICK GRAY, a member of

8

a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

54.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

55.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

56.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

58.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    On each instance set forth herein, the defendants arrested plaintiff KENRICK GRAY without probable cause, causing him to be detained against his will for an extended

9

period of time and subjected him to physical restraints.

60.    Defendants caused plaintiff KENRICK GRAY to be falsely arrested and unlawfully imprisoned.

61.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unlawful Search under 42 U.S.C. § 1983)

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    On each instance set forth herein, the defendants unreasonably searched plaintiff KENRICK GRAY by searching plaintiff despite lacking reasonable suspicion to believe plaintiff had committed, was committing, or was about to commit any offense.

64.    Defendants caused plaintiff KENRICK GRAY to be subject to an unlawful search thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

65.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

66.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     The level of force employed by defendants during Incidents Two and Three was excessive, objectively unreasonable and otherwise in violation of plaintiff KENRICK GRAY'S constitutional rights.

68.     As a result of the aforementioned conduct of defendants, plaintiff KENRICK GRAY was subjected to excessive force and sustained physical pain and suffering.

69.     As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     On each instance set forth herein, the defendants maliciously issued criminal process against plaintiff KENRICK GRAY by causing him to appear in Richmond County Criminal Court.

72.     Defendants caused plaintiff KENRICK GRAY to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

73.     As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

11

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     With regard to Incident Three, the defendants initiated, commenced and continued a malicious prosecution against plaintiff KENRICK GRAY.

76.     Defendants caused plaintiff KENRICK GRAY to be prosecuted without any probable cause until the charges were dismissed on or about February 9, 2012.

77.     As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     On each instance set forth herein, the acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

80.     As a result of the aforementioned conduct of defendants, plaintiff KENRICK GRAY was subjected to retaliation for the exercise of his First Amendment rights.

81.     As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff KENRICK GRAY because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

84.    As a result of the foregoing, plaintiff KENRICK GRAY was deprived of his rights under the Equal Protection Clause of the United States Constitution.

85.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

86.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Defendants had an affirmative duty to intervene on behalf of plaintiff KENRICK GRAY, whose constitutional rights were being violated in their presence by other officers.

88.    The defendants failed to intervene to prevent the unlawful conduct described herein.

89.    As a result of the foregoing, plaintiff KENRICK GRAY was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his

safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

90.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

91.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    The supervisory defendants involved in each instance set forth herein personally caused plaintiff KENRICK GRAY'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

93.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

94.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

96.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, engaging in falsification; engaging in racially or otherwise maliciously motivated conduct; subjecting individuals to excessive force, falsely arresting individuals, unlawfully searching individuals, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff KENRICK GRAY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

97.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KENRICK GRAY.

98.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KENRICK GRAY as alleged herein.

99.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KENRICK GRAY as alleged herein.

100.    As a result of the foregoing customs, policies, usages, practices, procedures and

15

rules of the City of New York and the New York City Police Department, plaintiff KENRICK GRAY was seized, subjected to excessive force, falsely arrested and imprisoned.

101.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KENRICK GRAY'S constitutional rights.

102.    All of the foregoing acts by defendants deprived plaintiff KENRICK GRAY of federally protected rights, including, but not limited to, the right:

  A.    Not to be deprived of liberty without due process of law;

  B.    To be free from the use of excessive force and/or the failure to intervene;

  C.    To be free from seizure and arrest not based upon probable cause;

  D.    To be free from malicious abuse of process;

  E.    To be free from false imprisonment/arrest;

  F.    To exercise his right to freedom of speech; and

  G.    To receive equal protection under law.

103.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

104.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

106.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

107.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

108.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

109.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Defendants arrested plaintiff without probable.

112.    On each instance set forth herein, plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

113.    As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

114.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

17

115.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    As a result of the foregoing, plaintiff KENRICK GRAY was placed in apprehension of imminent harmful and offensive bodily contact.

118.    As a result of defendants' conduct, plaintiff KENRICK GRAY has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

119.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Defendants made offensive contact with plaintiff without privilege or consent.

122.    As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

123.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

124.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in Richmond County Criminal Court.

126.    Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

127.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

128.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

19

paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    With regard to Incident Three, defendants initiated, commenced and continued a malicious prosecution against plaintiff KENRICK GRAY.

130.    Defendants caused plaintiff KENRICK GRAY to be prosecuted without probable cause until the charges were dismissed on or about February 9, 2012.

131.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

132.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

133.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

134.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

135.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

136.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

137.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

138.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

139.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "138" with the same force and effect as if fully set forth herein.

140.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

141.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

142.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

143.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

21

paragraphs numbered "1" through "142" with the same force and effect as if fully set forth herein.

144.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

145.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A TWENTIETH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

146.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "145" with the same force and effect as if fully set forth herein.

147.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

148.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

149.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "148" with the same force and effect as if fully set forth herein.

150.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

151.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

152.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "151" with the same force and effect as if fully set forth herein.

153.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

154.    As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

23

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

155. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "154" with the same force and effect as if fully set forth herein.

156. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

As a result of the foregoing, plaintiff KENRICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KENRICK GRAY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individually named defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 19, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff KENRICK GRAY

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

KENRICK GRAY,

                                          Plaintiff,

             -against-

CITY OF NEW YORK, MICHAEL DARAGJATI, THOMAS
SPITZFADEN, Individually, and JOHN and JANE DOE 1 through
10 individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                      Defendants.

-------------------------------------------------------------------------------X

                                  12 CV 0197
                                  (ERK)(CLP)

## COMPLAINT

### LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100